UNITED STATEDS DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAMELA JACKSON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | 1:14-CV-03493-AT-JSA |
| v. ) | |
| ) | |
| FULTON COUNTY SHERIFF ) | |
| THEODORE JACKSON, IN HIS ) | |
| OFFICIAL CAPACITY, AND ) | |
| FULTON COUNTY, GEORGIA, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
FULTON COUNTY'S AMENDED MOTION TO DISMISS**

Plaintiff Pamela Jackson ("Plaintiff" or "Ms. Jackson") files her Response to Defendant Fulton County's Amended Motion to Dismiss. The Court should deny Defendant Fulton County's Amended Motion to Dismiss because Defendant Fulton County is Plaintiff's joint employer with the Fulton County Sheriff, Theodore Jackson, and thus, Fulton County can be held liable for Plaintiff's claims as a matter of law.

**I.     LEGAL STANDARD FOR 12(b)(6) MOTION TO DISMISS**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true "all fats set forth in the plaintiff's complaint."  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citation omitted).  Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citation omitted).

Although Rule 8's pleading standard "does not require 'detailed factual allegations,' the Supreme Court clarified in the last few years that Rule 8 demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not adequate to survive a Rule 12(b)(6) motion to dismiss.  Twombly, 550 U.S. at 555.  Rather, "[t]o survive…a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

A facially plausible claim must allege facts that are more than merely possible.  Id. at 678.  The plausibility standard "does not [however] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the

claim]." Twombly, 550 U.S. at 556.  Ms. Jackson has certainly presented enough facts in her Complaint to raise the expectation that discovery will reveal evidence that Fulton County is Ms. Jackson's joint employer, and that Fulton County discriminated and retaliated against Ms. Jackson in violation of the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 et seq.

## II. BACKGROUND FACTS AS ALLEGED IN THE AMENDED COMPLAINT

Ms. Jackson was hired in November 2005 as a Security Specialist with Defendant Fulton County Sheriff's Office. (Am. Compl. ¶ 14). On March 5, 2010, Ms. Jackson was promoted to the position of Detention Officer. (Id. ¶ 17.) On April 2, 2010, Ms. Jackson successfully completed her physical evaluation as a condition of hire for the Detention Officer position. (Id. ¶ 18.) On May 20, 2010, Ms. Jackson passed the required Jail Certification Training and became a certified Peace Officer. (Id. ¶ 19.)

On June 15, 2010, Ms. Jackson was observed wearing a bandage on her arm and she informed the Sheriff's Office that she has a medical condition stemming from her breast cancer. (Id. ¶ 20.) On June 18, 2010, Ms. Jackson submitted a written request for an accommodation under the ADAAA. (Id. ¶ 21.) Specifically, Ms. Jackson requested, through her physician, a reduction in the amount of direct

contact with inmates. (Id. ¶ 22.) Shortly after her request, Defendant Sheriff Theodore Jackson requested that the Fulton County Personnel Department perform a Fitness for Duty Evaluation to determine if Ms. Jackson could perform her duties. (Id. ¶¶ 23, 24.) Defendant Fulton County's Fitness for Duty policy, which was provided to Ms. Jackson, states that it is applicable to all Fulton County employees. (Id. ¶ 25.) Ms. Jackson was placed on paid leave by Fulton County from August 13, 2010 through January 16, 2011 pending the results of the Fitness for Duty Evaluation. (Id. ¶ 26.) The evaluation was completed on November 30, 2010, and the results indicated that Ms. Jackson was medically cleared to return to work with an accommodation. (Id. ¶ 27.)

Breast cancer is a disability as defined by the ADAAA. (Id. ¶ 28.) Ms. Jackson's disability affects the major bodily functions of her cell and circulatory system. (Id. ¶ 29.) Ms. Jackson suffers from a physical impairment that substantially limits her in one or more major life activities. (Id. ¶ 30.) Ms. Jackson has a record of disability. (Id. ¶ 31.) Defendants regarded Ms. Jackson as having a disability. (Id. ¶ 32.) Ms. Jackson is, and at all relevant times was, able to perform the essential functions of her job with an accommodation. (Id. ¶ 33.) Ms. Jackson requested an accommodation for her disability which would limit her direct contact with inmates. (Id. ¶ 34.) Initially, Defendants acquiesced to Ms. Jackson's request.

(Id. ¶ 35.)  Defendants placed Ms. Jackson on light duty from January 19, 2011 through March 19, 2011, sixty (60) days.  (Id. ¶ 36.)

On March 24, 2011, Defendants forced Ms. Jackson to take leave from work. (Id. ¶ 37.)  Ms. Jackson was forced to use her accrued personal time, because Defendants would not accommodate her disability.  (Id. ¶ 38.)  On April 1, 2011, the Fulton County Office of Equal Employment Opportunity and Disability Affairs ("OEEODA") scheduled Ms. Jackson's first interactive meeting to discuss accommodating her disability.  (Id. ¶ 40.)  Defendant Fulton County was responsible for monitoring Ms. Jackson to determine an appropriate accommodation and make adjustments as necessary according to its Reasonable Accommodation Policy.  (Id. ¶ 41.)  Fulton County OEEODA evaluated Ms. Jackson's information and scheduled a second meeting on April 21, 2011. (Id. ¶ 43.)  Defendants refused to provide Ms. Jackson with a reasonable accommodation.  (Id. ¶ 44.)  Ms. Jackson was forced to expend earned personal leave while Defendants and OEEODA evaluated their options. (Id. ¶ 45.)

Ms. Jackson complained that she was being discriminated against because of her disability.  (Id. ¶ 46.)  After Ms. Jackson complained, Fulton County and the Sheriff's Office would not allow her to return to work unless she accepted a demotion to a civilian position as a Records and Documentation Specialist at a

5

salary of approximately $9,000 less per year than her salary as a Detention Officer. (Id. ¶¶ 47, 48.)  The Reasonable Accommodations Plan that was issued to Ms. Jackson stated that Fulton County reserves the right to make final determinations as to what is *reasonable* in a given situation.  (Id. ¶ 51.)  In addition, the Fulton County Policy and Procedures Manual which was provided to Ms. Jackson states that Fulton County has the right to make final determinations for employees.  (Id. ¶ 52.)  Ms. Jackson was told that if she did not accept the demotion, Defendants would terminate her employment.  (Id. ¶ 49.)

On April 27, 2011, Ms. Jackson accepted the demotion and salary reduction in lieu of termination.  (Id. ¶ 50.)  Ms. Jackson's demotion and salary reduction took effect on May 25, 2011.  (Id. ¶ 53.)

Fulton County's own documents reflect that other employees, who received a demotion, were allowed to maintain the same rate of pay.  (Id. ¶ 54.)  However, Ms. Jackson was demoted to a civil service position and was forced to accept a salary reduction of approximately $9,000 per year.  (Id. ¶ 55.)

To apply for a position with the Sheriff's Department, individuals apply online through the Fulton County Government website.  (Id. ¶ 56.)  The position descriptions for Detention Officer and Records and Documentation Specialist were prepared by Fulton County personnel.  (Id. ¶ 57.)  Ms. Jackson is paid by Fulton

County's Board of Commissioners. (Id. ¶ 58.) Ms. Jackson was provided with both Fulton County policies and Sheriff's Department policies comply with which during her employment. (Id. ¶ 59.) Ms. Jackson was provided with Fulton County Policy and Procedures (ADA) for Fulton County Employees. (Id. ¶ 60.) The policy stated that employee means employed by Fulton County Government in a range of positions including, classified positions. (Id. ¶ 60.)

Ms. Jackson filed a timely Charge of Discrimination with the EEOC, and Fulton County responded to the EEOC's request for information and documents including her personnel file and both Fulton County policies and Sheriff's Department policies. (Id. ¶ 61.) Defendant Fulton County is represented by the Fulton County Attorney's Office, as is the Fulton County Sheriff's Department. (Id. ¶ 62.)

Defendants treated Ms. Jackson unfairly and discriminated against her in violation of the ADAAA because of her breast cancer. (Id. ¶ 63.) Defendants unlawfully demoted Ms. Jackson and reduced her salary based on her actual disability, because it regarded her as disabled, and in retaliation for Ms. Jackson requesting a reasonable accommodation under the ADAAA and complaining about disability discrimination (Id. ¶ 64.)

### III.  ARGUMENT AND CITATION TO LEGAL AUTHORITY

Defendant Fulton County attempts to avoid liability for its violation of the ADAAA by claiming that Ms. Jackson can allege no facts under which Fulton County can be held liable as her employer for failing to accommodate her disability, demoting her to the position of Documents and Records Specialist, and reducing her pay.  Fulton County is mistaken in this contention and, in raising this argument, Fulton County ignores that it was a joint employer for purposes of Ms. Jackson's employment.  Fulton County's efforts to avoid liability for its discriminatory actions and retaliatory conduct are indefensible and its Motion to Dismiss should be denied.

### A.  Plaintiff has alleged facts sufficient to show that Defendants Fulton County and Fulton County Sheriff are joint employers for the purpose of ADAAA liability

In accordance with a "liberal construction to the term 'employer' under Title VII," the Eleventh Circuit has recognized three doctrines that allow an employee, in certain circumstances, to assert a Title VII claim against an entity that is not formally her employer.  Lyes v. City of Riviera Beach, Fla., 166 F.3d 1332, 1341 (11th Cir. 1999).  These related doctrines are referred to as the agency, single employer, and joint employer theories of liability.  Id.; see also Walden v. Verizon Bus. Network Servs., Inc., 106CV-2394-WSD-WEJ, 2008 WL 269619 (N.D. Ga.

Jan. 29, 2008). "Generally, 'where two or more employers exert significant control over the same employees-where from the evidence it can be shown that they share or co-determine those matters governing essential terms and conditions of employment,' a 'joint employer' relationship emerges." Zillyette v. Capital One Fin. Corp., 1 F. Supp. 2d 1435, 1444 (M.D. Fla. 1998) aff''d, 179 F.3d 1337 (11th Cir. 1999) (quoting *N.L.R.B. v. Browning–Ferris Industries of Pa., Inc.,* 691 F.2d 1117 (3d Cir.1982)(citing *Boire v. Greyhound Corp.,* 376 U.S. 473, 481 (1964)).

A company is considered a joint employer where it "contracts in good faith with another independent company and retains for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer." Virgo v. Riviera Beach Associates, Ltd., 30 F.3d 1350, 1360 (11th Cir. 1994). The joint employer concept recognizes that separate business entities may still "share or co-determine those matters governing the essential terms and conditions of employment." Virgo, 30 F.3d at 1360.

In Virgo, the Eleventh Circuit analyzed the contractual and practical realities of a working relationship between the owner of a hotel and its management company to determine whether the two companies were joint employers. Id. at 1360-61 (citing EEOC Decision No. 71-1537, 3 FEP Cases 766, 767 (March 31,

9

1971)).  The court found that, although the hotel contracted with the management company, it retained authority and power over hiring and discharge decisions, wages, and the employee considered herself employed by the hotel to control the management company employees.  Id.  In so doing, the court held that the hotel's control over the employees of the management company established "joint employers" for purposes of determining applicability of Title VII to action against both employers.  Id. at 1360-61, 1364-65.

Like the hotel in Virgo, Fulton County's control over employees working in the Sheriff's Office establishes Fulton County and Fulton County's Sheriff's Office as "joint employers" for purposes of determining liability under the ADAAA.  Specifically, Fulton County had direct and significant control over a central issue in this case – Ms. Jackson's request for a reasonable accommodation based on her disability.  First, Defendant Fulton County initiated and participated in the interactive process to determine whether Ms. Jackson's request for an accommodation was reasonable.  (Am. Compl. ¶ 39.)  Specifically, it was the Fulton County Office of Equal Employment Opportunity and Disability Affairs ("OEEODA"), which determined whether Ms. Jackson would be granted a reasonable accommodation, and if granted an accommodation, Fulton County determined the type of accommodation that would be suitable for Ms. Jackson.

(Id. ¶¶ 41-43.)  Second, the Fulton County OEEODA was responsible for monitoring Ms. Jackson to determine an appropriate accommodation and make adjustments as necessary.  (Id. ¶ 42.)  The Fulton County OEEODA assessed the medical needs of Ms. Jackson and ensured that the operational needs of the Sheriff's Department were being met.  (Id. ¶ 42.)  Third, after initiating the second interactive meeting and evaluating Ms. Jackson's information, the Fulton County OEEODA issued Ms. Jackson a demotion and salary reduction, under the guise of an accommodation, from the position of Detention Officer to Records and Documentation Specialist. (Id. ¶ 48.)

The determination of whether a person or entity constitutes an employer for purposes of ADA revolves around the scope of their control and supervision of the employment relationship.  Martin v. Peach Cnty., Ga., No. 5:10-CV-236 MTT, 2011 WL 4830176, at *6 (M.D. Ga. Oct. 12, 2011) (citing Lyes v. City of Riviera Beach, 166 F.3d 1332, 1345 (11th Cir.1999)).  Unlike the Peach County Sheriff's Office and Peach County in Martin, Fulton County and the Fulton County's Sheriff's Office share more than the "occasional interrelation" for purposes of denying Ms. Jackson's request for reasonable accommodation.  Id. at *7.  Notably, the Reasonable Accommodations Plan issued to Ms. Jackson on May 24, 2011 stated that "Fulton County reserves the right to make final determinations as to

11

what is *reasonable* in a given situation." (Am. Compl. ¶ 51.) Defendant Fulton County's own documents provide that it was the final decision maker for what is reasonable when requesting an accommodation under the ADA. (Id. ¶ 52.) Given that it is at least an arguable question of fact that Fulton County was the final decision-maker for Ms. Jackson's reasonable accommodation request, Fulton County should be held liable for discriminating against, retaliating against, and failing to accommodate Ms. Jackson's disability.

In addition, there are several areas where Fulton County has significant involvement with and control over the employees of the Sheriff's Office, demonstrating that the County is a joint employer. Although employment opportunities are posted on the Fulton County Sheriff's Office website, to apply for a position, interested persons are required to apply through Fulton County government's website. (Id. ¶ 56.) In addition, the position descriptions for Detention Officer and Records and Documentation Specialist were prepared by Fulton County personnel. (Id. ¶ 57.) Ms. Jackson was also paid by the Board of Commissioners of Fulton County, Georgia. (Id. ¶ 58.)

Also, in Fulton County's correspondence with the EEOC, Fulton County held itself out as Ms. Jackson's employer by responding to the EEOC's Request for Information. (Id. ¶ 61.) In response to the Request for Information, Fulton

County had control over the following documents which they were able to provide to the EEOC: Ms. Jackson's personnel file, Fulton County Personnel Regulations on Leave and Discipline, Sheriff Department Policies and Procedures on Limited Work Duty, Fulton County Fitness for Duty Policy and Procedure, and Fulton County ADA Policy and Procedure. (Id.) The foregoing documents are the type of documents that an employer would have control over and produce. In addition, Defendants are represented by the Fulton County Attorney's Office. (Id. ¶ 62.) Because Fulton County effectively demoted Ms. Jackson and reduced her pay, Fulton County clearly has a significant amount of control and supervision over Sheriff's Office employees. Therefore, Fulton County meets the "joint employer" standard established in Virgo.

> **B.     Plaintiff can demonstrate a sufficient nexus between Fulton County and the Fulton County Sheriff's Office that demonstrates an employer-employee relationship**

In Manley v. Mobile County, Alabama, the court found that both the Sheriff's Department and Mobile County were employers for purposes of Title VII. Manley v. Mobile Cnty., Ala., 441 F. Supp. 1351, 1355-56 (S.D. Ala. 1977). When there is a sufficient nexus between the County and the Sheriff's Department, the County can be held liable as an "employer" as a matter of law. Id. For example, a significant nexus could be county policies which are reasonably

13

necessary for the operations of the department.  Id.  Also, a county or municipality is only liable under § 1983 for those "acts for which the county is actually responsible." City of Canton v. Harris, 489 U.S. 378, 385 (1989); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Marsh v. Butler County, 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc). Thus, to hold a municipality liable under § 1983, a plaintiff must identify either a formal or an informal municipal "policy" or "custom," that caused his injury. Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997) (internal citations omitted).

    Ms. Jackson was clearly provided with both Fulton County policies and policies from the Sheriff's Office with which to comply during her employment. (Am. Compl. ¶¶ 59, 60.)  Fulton County provided Ms. Jackson with a "Fitness for Duty" policy and Fulton County used that policy to determine whether Ms. Jackson was fit to perform the essential functions of her position.  (Id. ¶ 24.) Fulton County's policies and process for requesting a reasonable accommodation directly relate to Ms. Jackson's claims.  In addition, Fulton County's Fitness for Duty policy, which was provided to Ms. Jackson, clearly states that it is applicable to "all Fulton County employees."  (Id. ¶ 25.)  If Ms. Jackson was not a Fulton County employee, she would not have neither been provided the policy nor expected to comply with the policy.

14

As a part of her employment, Ms. Jackson was provided with "Fulton County Policy and Procedures (ADA) for Fulton County Employees." (Id. ¶ 60). According to the policy, "employee" means employed by Fulton County Government in one of the following position categories: classified, fee paid, permanent, probational, temporary, temporary pending register, unclassified, work test, WAE (When Actually Employed) Hourly. (Id.). Ms. Jackson was a classified employee of Fulton County. Because Ms. Jackson can point to specific policies that are reasonably necessary for the operation of the Sheriff's Office, Ms. Jackson has demonstrated a significant nexus between Fulton County and Fulton County Sheriff's Office under which to hold Defendants jointly liable for violations of the ADA.

## Conclusion

Ms. Jackson has demonstrated that Fulton County and the Fulton County Sheriff's Office were joint employers. Fulton County was directly involved with the Ms. Jackson's reasonable request for an accommodation, her demotion, and the policies with which she complied. Accordingly, Ms. Jackson respectfully requests that the Court deny Defendant Fulton County's Amended Motion to Dismiss.

Respectfully submitted this 24th day of November, 2014.

                                  THE BUCKLEY LAW FIRM, LLC

                      By:   s/ Cheryl B. Legare
                            Georgia Bar No. 038553
                            cblegare@buckleylawatl.com
                            Pamela E. Palmer
                            Georgia Bar No. 882599
                            ppalmer@buckleylawatl.com

Promenade, Suite 900
1230 Peachtree Street NE
Atlanta, Georgia 30309
Telephone:  404-781-1100
Facsimile:   404-781-1101

Attorneys for Plaintiff

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as approved by the Court in LR 5.1B.

Respectfully submitted,

                              THE BUCKLEY LAW FIRM, LLC

                By:   s/ Cheryl B. Legare
                              Georgia Bar No. 038553
                              cblegare@buckleylawatl.com

Promenade, Suite 900
1230 Peachtree Street NE
Atlanta, GA  30309
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101

Counsel for Plaintiff

UNITED STATEDS DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PAMELA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:14-CV-03493-AT-JSA |
| v. | ) | |
| | ) | |
| FULTON COUNTY SHERIFF | ) | |
| THEODORE JACKSON, IN HIS | ) | |
| OFFICIAL CAPACITY, AND | ) | |
| FULTON COUNTY, GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2014, I electronically filed the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT FULTON COUNTY'S AMENDED MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

    Kaye Woodard Burwell
    Lanna Renee Hill
    R. David Ware
    Kristen Boyd Williams

                                      THE BUCKLEY LAW FIRM, LLC

                              By:   s/ Cheryl B. Legare
                                        Georgia Bar No. 038553
                                        cblegare@buckleylawatl.com